ALEXANDER HANNAH *v.* HIRAM BAKER, ET AL.

**Bond for Deed—Parol Contract of Sale of Land.**
> The effect of a bond for a deed cannot be avoided by proof of a parol rescission, for such a contract is within the statute of frauds and cannot be enforced.

**Parol Contract to Rescind Executory Contract.**
> A parol contract to rescind an executory contract for the sale of land may sometimes be set up as a defense, but it cannot be proved to enable a plaintiff to recover in ejectment.

APPEAL FROM CARTER CIRCUIT COURT.

November 16, 1878.

OPINION BY JUDGE COFER:

The appellees alleged that the appellants were in possession of a part of the land sued for, claiming it as their own, and it appears from the evidence that the 93 acres adjoins the tract on which appellant, Alexander Hannah, resides, and also adjoins the tract on which Robert Baker resided and on which some of the appellees now reside. When Robert Baker executed the bond to Hannah, and the latter took possession of a part by enclosure, if not by the simple fact that he resided on adjoining land, he was in constructive possession of the whole tract; and although his possession may not have been adverse to Baker, yet it was his possession and not Baker's. And Baker's bond still held by Hannah must defeat an action by Baker's heirs to recover the land, and they cannot avoid it by proof of a parol rescission, for such a contract is within the statute of frauds and cannot be enforced. True, the Bakers still hold the legal title in trust for Hannah, and they cannot set up a title thus held and recover on it against those for whom they hold.

A parol contract to rescind an executory contract for the sale of land may sometimes be set up as a defense, but we are not acquainted with any case holding, or with any legal principle upon which it can be held, that such a contract can be proved to enable a plaintiff to recover in ejectment.

If there was a parol rescission, and the possession was in fact surrendered in execution of that contract, and appellants afterward entered on the land, ejectment might be maintained on the possession acquired by the surrender and subsequent occupation by the plaintiffs; but there is no evidence of any such possession in them subsequent to the alleged rescission.

The execution of the bond by Robert Baker was not questioned, and there being no evidence of a surrender of the possession by Hannah or of actual possession by Baker or his heirs, no ground for a recovery was made out and the court should have directed the jury to find for the defendants.

Judgment *reversed,* and cause remanded for a new trial upon principles not inconsistent with this opinion.

E. F. Dulin, William Bowling, for appellant.

E. B. Wilhoit, for appellees.